Case 4:24-cv-01050   Document 17   Filed on 10/09/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN J. STRINGFELLOW, *Plaintiff*, | § § § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-1050 |
| TRANSUNION LLC, *Defendant*. | § § § § | |

# MEMORANDUM AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed a "Complaint" in Harris County Court at Law No. 1 naming TransUnion LLC (DBA RentPort) as Defendant. ECF 1-2 at 7-32. Defendant removed the case to this federal court on the basis of federal question subject matter jurisdiction under 28 U.S.C. § 1331.[1] ECF 1. Shortly after removal, Trans Union filed a Motion to Dismiss. ECF 4. Plaintiff filed an Opposition to the Motion to Dismiss (ECF 7) and a Motion to Strike Defendant's Exhibit A (ECF 8). Having reviewed the parties' submissions, the Court recommends that Defendant's Motion to Dismiss be granted, Plaintiff's Motions be denied, and this case be dismissed with prejudice.

---

[1] On April 4, 2024, the District Judge referred the case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 5.

**I.      Rule 12(b)(6) Legal Standards**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79. The Court applies a more lenient standard when analyzing the pleadings of pro se plaintiffs, but they "must still plead factual allegations that raise the right to relief beyond the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss

2

refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d).  However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims.  *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).  Here, the Court considers the attachments to Plaintiff's state court pleading (ECF 1-2 at 27-31) and Defendant's Exhibit A (ECF 4-1), and takes judicial notice of the full docket sheet in *State of Texas v. Stringfellow, Steven*, Case No. D-1-DC-17-303319, 390th District Court, Travis County, Texas.

**II.   Analysis**

    **A. Plaintiff's Only Potential Claim Against Defendant is Under FCRA.**

The only discernable claim alleged against Defendant in Plaintiff's rambling pleading, which complains of, among other things, corporate corruption and cybercrimes, is that Defendant violated the Fair Credit Reporting Act (FCRA) by providing erroneous information on his credit report stating he had been convicted of a violent felony, resulting in the rejection of his rental applications.  ECF 1-2 at 9.  To the extent Plaintiff intended to assert a common law claim of "libel" against

Defendant for publishing erroneous information stating he had been convicted of a violent felony (*id.* at 21), the Fifth Circuit has held that any such claim is pre-empted by FCRA. *Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 470 (5th Cir. 2006), as modified on reh'g (Aug. 17, 2006) (holding that FCRA § 1681h(e) bars any claim in the nature of defamation with respect to reporting information about a consumer unless it is done with malice or willful intent to injure the consumer); *see also Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 638 (5th Cir. 2002) (holding that FCRA pre-empts state law defamation or negligent reporting claims absent malice or willful intent to injure). Plaintiff has no plausible claim that Defendant acted with actual malice of willful intent to injury him. To the extent Plaintiff alleges that Defendant violated his constitutional rights, he cannot state a plausible claim for relief because Defendant is a private corporation that does not act under color of state law. *See Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) (explaining that 42 U.S.C. § 1983 provides a cause of action for a plaintiff that alleges a violation of constitutional rights by a person acting under color of state law). To the extent Plaintiff is alleging Defendant committed crimes, he cannot state a plausible claim for relief because private citizens cannot prosecute crimes. *Perry v. Lockhart, Morris & Montgomery, Inc.*, No. 3:24-CV-00021, 2024 WL 1840484, at *6 (S.D. Tex. Apr. 26, 2024), report and recommendation adopted, No. 3:24-CV-

4

21, 2024 WL 2193404 (S.D. Tex. May 15, 2024) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)).

### B. As Currently Pled, Plaintiff Has Not Stated a Plausible Claim for Relief Under FCRA.

Defendant Trans Union is a consumer reporting agency as defined in FCRA. ECF 4 at 1. FCRA, 15 U.S.C. § 1681 *et seq.*, creates a private cause of action for persons aggrieved by certain actions of a consumer reporting agency. For example, a plaintiff may state a claim under § 1681e(b) by alleging that: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to the defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Rodriguez v. Trans Union LLC*, No. 1:19-CV-379-LY, 2019 WL 5565956, at *2 (W.D. Tex. Oct. 28, 2019). Under 1681i, a plaintiff may state a claim by alleging that (1) he disputed the completeness or accuracy of an item of information contained in his consumer file at Trans Union and notified Trans Union directly of that dispute; (2) Trans Union did not reinvestigate free of charge and either record the current status of the disputed information or delete, within the statutory period, the item from the file in the manner prescribed by § 1681i(a)(5); (3) Trans Union's noncompliance was negligent; (4) Plaintiff suffered injury; and (5) Plaintiff's injury was caused by Trans Union's

failure to comply with the statute. *Zala v. Trans Union, LLC*, No. CIV. A. 3:99-CV-0399, 2001 WL 210693, at *4 (N.D. Tex. Jan. 17, 2001).

As written, Plaintiff's state court pleading alleges very few facts that are relevant to a claim that Defendant violated any section of FCRA. District courts have described a pleading like Plaintiff's in this case as a "shotgun pleading," meaning it includes "irrelevant and unrelated facts not tied to specific causes of action such that the claims made are indeterminate and the defendant's task in defending against them is significantly impaired." *Martinez v. Nueces Cnty., Tex.*, No. 2:13-CV-178, 2013 WL 6190519, at *3 (S.D. Tex. Nov. 26, 2013). Plaintiff's shotgun pleading fails to comply with Federal Rule of Civil Procedure 8(a)(2), which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Evidence in the record and of which the Court may take judicial notice shows that Plaintiff was arrested and charged with a felony in 2017 and, after delays due to competency proceedings, was convicted based on a plea bargain of a lesser charge, a Class A misdemeanor, in 2020. *See* ECF 4-1; Docket Sheet in Case No. D-1-DC-17-301319. Defendant argues this shows that Plaintiff cannot state a § 1681 claim based on false reporting as a matter of law. However, Plaintiff alleges that Defendant reported that he was *convicted* of a felony, not that he was *arrested* or

6

*charged* for a felony. ECF 1-2 at 9. Nonetheless, Plaintiff clearly has not alleged facts to support *all* elements of a claim under § 1681e(b), § 1681h, or any other section of FCRA. For these reasons, Plaintiff's state court pleading fails to state a claim for relief against Trans Union.

Plaintiff has not previously been given an opportunity to amend his pleading. Given Plaintiff's allegation that Defendant, a consumer reporting agency, provided false information that he was convicted of a felony, Court will give Plaintiff one opportunity to file an Amended Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure, meaning a Complaint that clearly identifies the section(s) of FCRA he is claiming Defendant violated, and alleges specific facts to support his allegations that Defendant violated FCRA. Furthermore, because a Plaintiff has named the Defendant as "TransUnion LLC (DBA RentPort)" and Defendant denies that it does business as RentPort, Plaintiff's Amended Complaint must clearly distinguish between acts of Defendant Trans Union and acts of RentPort.

### III.   Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendant Trans Union's Motion to Dismiss Plaintiff's state court pleading (ECF 4) be GRANTED and Plaintiff be granted leave to file an AMENDED COMPLAINT that complies with this Memorandum and Recommendation within 14 days of entry of

an Order adopting this Memorandum and Recommendation. The Court further RECOMMENDS that this case be DISMISSED WITH PREJUDICE if Plaintiff does not file a timely Amended Complaint that complies with the requirements set forth in this Memorandum and Recommendation.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 09, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge